LEWIS HANAUER v. J. A. ANDERSON et al.

PROTEST AND NOTICE. *Effect of epidemics upon.* The act of 1879, in regard to the protest and notice, etc., of negotiable paper during the prevalence of epidemics, requires that protest and notice be given fifteen days after the epidemic has been declared at an end, only when such protest and notice has not been made at the maturity of the paper, but if such has been made at maturity of the paper, it is sufficient and of binding effect.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

HUMES & POSTON for complainant.

TAYLOR & CARROLL, C. F. VANCE and CLAPP & BEARD for defendants.

COOKE, J., delivered the opinion of the court.

On May 13, 1879, respondent, J. A. Anderson, executed the note in controversy, payable at the German National Bank, in Memphis, 120 days after date, which note was endorsed by respondent, C. F. Vance, to complainant, and by him assigned to said bank for collection.

On the — day of July, 1879, the yellow fever scourge, which visited that city in malignant form, was, by the Board of Health, declared epidemic, and all business and commerce were virtually suspended until October 26, 1879, when said epidemic was declared by said Board of Health to be at an end. Complainant and respondents, Anderson and Vance, were citizens of that city. Both Anderson and Vance fled the city, as did most of the inhabitants, on account of the dangers of said epidemic, in July, 1879, and did not return until about November 1, 1879, Vance returning on the 4th of that month.

On September 13, 1879, the day on which said note was due and payable upon its face, it was duly protested for non-payment, and notice upon the same day left at Vance's usual place of business in Memphis. Some question is made of this, but we are satisfied from the evidence that such was the case.

This bill is filed seeking to recover of Anderson,

as maker, and Vance, as endorser, the amount of said note, interest, etc., with notice to the bank and notary of the suit and defense made by Vance of want of proper protest, etc., with a view to fixing liability upon them in case said defense was made good.

The only question necessary to be considered, in our judgment, is as to the sufficiency of said protest and notice to bind Vance, as endorser, in view of the following statute. On February 24, 1879, the Legislature passed an act, entitled "An act to suspend, during the prevalence of epidemics, the laws regulating the protest, or demand and notice of negotiable paper": Acts 1879, ch. 28, page 42.

. The body of said act is as follows: "That whenever hereafter the legally constituted health authorities of any incorporated town or city, or the mayor, in the absence of a Board of Health, in this State, shall officially announce the prevalence of an epidemic, within the limits of such town or city, of any contagious or infectious disease, of so malignant or dangerous a character as to suspend or seriously interrupt the business transactions of such town or city, as certified to by said health authorities, the owners or holders of any negotiable paper, such as notes, foreign or inland bills of exchange, or any other evidence of debt requiring demand, and notice, or demand, notice and protest, shall be excused from making such demand, giving such notice and entering such protest while such epidemic prevails; and such demand, notice and protest made, given and entered within fifteen days after such

epidemic shall have been declared at an end by said health authorities or mayor, shall be binding upon the parties sought to be charged, *as if the same steps had been taken upon the day of the maturity of the paper;* and if any incorporated town or city within this State has lost or shall lose its corporate existence by a surrender or repeal of its charter, the foregoing provisions shall, in all respects, apply, so far as may be practicable, to the territory, by whatever name it may be known or distinguished, embraced within the former corporate limits of such town or city.

2. "That all laws and parts of laws in conflict with the provisions of this act, be and the same are hereby repealed.

3. "That this act take effect from its passage," etc.

It is insisted for the respondent Vance, that it was the purpose of the Legislature, not only to excuse the non-protest of negotiable paper pending the prevalence of epidemics in cities and towns in this State, but also the non-payment of the same; or in other words, to extend the days of grace upon negotiable paper, under such circumstances, until fifteen days after such epidemic shall have been declared at an end in the mode prescribed by said statute, and consequently that the protest of such paper, under such circumstances, before such epidemic had been declared at an end, was premature, and as ineffectual to bind the endorser as if it had been protested before maturity, according to its face.

It is contended that the language of the act, taken and read in connection with its caption, will bear

that construction.    The argument in support of it is, that in the general panic and suppression of business, during the prevalence of such epidemics, the banks or business houses where such paper is made payable, are not expected to be open, nor can the payor of the paper be expected or required to incur the risk of being in such city for the purpose of making payment any more than the holder for the purpose of making the demand and giving notice, etc.    We are of opinion, however, that such was not the purpose of the Legislature, nor will the act in question bear that construction.    The common law excuses the nonprotest of negotiable paper under like circumstances as those provided for by this act, provided that the same is properly protested within a reasonable time after the same have terminated.    But we are not aware of any case, nor have we been cited to any, where a protest actually made, and notice given or sent, as required by the general law, has been held to be invalid or inoperative to bind the endorser, nor is it contended that such is the case at common law.    The statute in question is simply a re-enactment of the common law rule, with the exception that the statute fixes, by a definite event, the period of the termination of the epidemic, which, before its passage, was a matter of proof, and a fruitful source of contention, and also determines or fixes fifteen days after such termination as a reasonable time within which protest may be made.    But the very language of the act itself repels such a construction as that contended for, it being that "such demand, notice and protest

Hanauer *v.* Anderson.

made, given and entered within fifteen days after such epidemic shall have been declared at an end by said health authorities, and *shall be as binding upon the parties sought to be charged as if the same steps had been taken upon the day of the maturity of the paper,"* thus recognizing directly, in terms, the fact of the *maturity* of such paper during such epidemic, and the binding effect of the protest pending the same.

We are satisfied, therefore, that the protest in this case was properly made, and the notice to respondent, Vance, was sufficient to fix his liability. The chancellor came to a different conclusion, and dismissed the bill as to him. The Referees have reported that his decree, in this respect, should be reversed, and in which we concur.

The chancellor's decree will be reversed, and a decree rendered against the respondent Vance for the amount of said note, with interest, etc. Respondent Vance will also pay the costs of this cause in this court, as well as in the court below.